**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEBORAH HOLMES and GERALD
HOLMES,

      Plaintiffs,                                   Case No.  2020-

v.                                            Hon.

POLARIS, INC., a foreign corporation,

      Defendant.
_____/

Jeffrey T. Stewart (P24138)
David S. Shiener (P78608)
SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiffs
30445 Northwestern Highway, Ste. 250
Farmington Hills, MI 48334
(248) 785-0102
jts@sslawpc.com
dss@sslawpc.com
_____/

**<u>COMPLAINT</u>**

      NOW COME Plaintiffs DEBORAH HOLMES and GERALD HOLMES, by

and through their attorneys SEIKALY STEWART & BENNETT, P.C., and for

their Complaint against the above-named Defendant, state as follows.

<u>JURISDICTION AND VENUE</u>

      1.     Plaintiffs are residents of the City of Livonia, Wayne County,

Michigan.

2.     The defendant, Polaris, Inc., is a foreign corporation, which, upon information and belief, is incorporated in the State of Minnesota and has its principal place of business in the State of Minnesota.

3.     This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiffs and Defendant.

4.     Venue is proper in this district because Plaintiffs reside here and much of the evidence and witnesses relevant to damages are located in the Eastern District of Michigan.

<u>COMMON ALLEGATIONS</u>

5.     On or about February 9, 2019, Plaintiff Deborah Holmes ("Deborah") was riding a snowmobile ("the Snowmobile") that was manufactured by Polaris and described by Polaris as a 600 Switchback Pro S.  The vehicle identification number for the Snowmobile is: SN1DDH6P5JC175886.

6.     Deborah was operating the Snowmobile in a group of other snowmobilers consisting of family and friends.

7.     Deborah was a highly experienced snowmobile operator, having been operating snowmobiles in excess of thirty years.

8.     Deborah was highly familiar with the Polaris brand of snowmobiles since she rode them exclusively, or nearly exclusively, over the course of her entire

riding experience.

9.      On February 9, 2019, the group of which Deborah was a member crossed M-28 in Munising Township, Michigan using Trail 3-422.

10.     Deborah was the second-to-last of the riders in the group to cross the road.

11.     As was her consistent practice, Deborah crossed the road at low speed with careful observation for possible surrounding traffic and changes in terrain.

12.     Suddenly and without warning, the Snowmobile began to accelerate toward a grouping of trees notwithstanding Deborah's release of the throttle.

13.     At that point, Deborah's son, David Holmes, was riding his own snowmobile behind her and was in a position to observe what happened as the Snowmobile began to accelerate.

14.     David Holmes heard a rapidly rising engine pitch, saw that his mother attempted to jump off the Snowmobile and, as a first step in doing so, raised both of her hands completely off of the handlebars and therefore off the throttle control.

15.     David Holmes specifically noted that there was no drop in engine pitch and no deceleration of the Snowmobile to indicate any closing of the throttle.

16.     David Holmes next observed the Snowmobile strike a tree while Deborah was still on it.

17.     As a direct consequence of the collision with a tree, Deborah

sustained multiple injuries, including fractures to her pelvis and femur.

18.   The cost of medical treatment to this point exceeds $200,000 and is expected to increase by a significant amount by reason of the need for additional surgery that is anticipated in the future.

19.   As a direct and proximate consequence of the injuries sustained in the collision, Deborah has suffered excruciating pain and suffering, mental anguish, and impairment of her ability to participate in activities of daily living.

20.   It is expected that some of the impairments arising from this injury will continue into the undetermined future.

21.   Plaintiff Gerald Holmes, Deborah's husband, has suffered a loss of invasion of his rights of consortium and has been required to render difficult and unusual services to his wife as a direct and proximate result of her injuries.

## COUNT I - BREACH OF IMPLIED WARRANTY

22.   Plaintiffs reincorporate the foregoing allegations of the Complaint as though fully restated herein.

23.   The Snowmobile was defective when it left the manufacturer's control, and therefore in breach of its implied warranty of fitness, because it had a tendency for the throttle to stick in the open position, making it difficult or impossible for the operator to maintain safe control of the Snowmobile.

24.   The tendency of this particular snowmobile to fail in this matter is

documented in its electronic control module, which reveals that during the operating life of the Snowmobile, there were eleven recorded faults in which the throttle was stuck in the open position.

25.    Plaintiffs were not the owners of the Snowmobile. It was, in fact, the property of Polaris and was on loan to one of the members of the group of riders of which Deborah was a member at the time of her injury.

26.    A fault in the electronic control module indicating that the throttle is stuck in the open position is not a normal, expected, or safe condition for the Snowmobile and represents a defect in its design, manufacturer, or maintenance of the vehicle.

27.    To the extent that this was a characteristic of the Snowmobile as of the time that it was put into service by Polaris, then it represents a breach of warranty.

28.    Such breach was a proximate cause of the injuries and damages to Plaintiffs hereinbefore set forth.

WHEREFORE, Plaintiffs claim damages against Defendant in an amount exceeding Five Hundred Thousand and no/100 ($500,000) Dollars to which they are found to be entitled together with interest, costs, and reasonable attorney fees.

## COUNT II - NEGLIGENCE

29.    Plaintiffs reincorporate the foregoing allegations of the Complaint as

though fully restated herein.

30.     Polaris had a duty to design and manufacture a reasonably safe snowmobile, incorporating such designs and safety measures as were necessary to prevent the throttle from sticking in an open position and causing the Snowmobile to accelerate or maintain running speed when the operator was attempting to slow down.

31.     Based upon the known events, Polaris breached that duty in the design or manufacturer of the Snowmobile, with the result that it was susceptible to having the throttle stick in an open position without disabling the engine allowing the operator to bring it to a safe stop.

32.     Wholly apart from its duties as a manufacturer, Polaris remained the owner of the Snowmobile through the time that Deborah was injured.

33.     Upon information and belief, Polaris made this Snowmobile and others like it available for demonstration and field-testing purposes and/or for the recreational use of its employees and other permitted users.

34.     As the ongoing owner of the Snowmobile, Polaris had a duty to inspect, maintain, and, where necessary, repair the Snowmobile in order to keep it in a safe operating condition.

35.     In breach of those duties, Polaris failed to properly inspect, maintain, and repair the Snowmobile and failed to appreciate the fact that it was experiencing

numerous stuck-throttle events prior to the time that Deborah was injured.

WHEREFORE, Plaintiffs claim damages against Defendant in excess of Five Hundred Thousand and no/100 ($500,000) Dollars in amount to which they are found to be entitled, together with interest, costs, and reasonable attorney fees.

SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiffs

By: _/s/ Jeffrey T. Stewart_____
JEFFREY T. STEWART (P24138)
30445 Northwestern Highway, Ste. 250
Farmington Hills, MI 48334
(248) 785-0102

Dated: June 1, 2020

## JURY DEMAND

Plaintiffs hereby demand trial by jury as provided by law.

SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiffs

By:  /s/  Jeffrey T. Stewart
JEFFREY T. STEWART (P24138)
30445 Northwestern Highway, Ste. 250
Farmington Hills, MI 48334
(248) 785-0102

Dated: June 1, 2020
holm12.docx