# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HOLMES, *et al.*, | CASE NO. 2:20-cv-11390-GCS-RSW |
| Plaintiffs, | Judge George C. Steeh |
| v. | Magistrate R. Steven Whalen |
| POLARIS INDUSTRIES INC., | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT POLARIS INDUSTRIES INC.** |
| Defendant. | DEMAND FOR JURY TRIAL |

Defendant Polaris Industries Inc. ("Polaris") (incorrectly identified as "Polaris Inc.") for its Answer and Affirmative Defenses to Plaintiffs' Deborah Holmes and Gerald Holmes ("Plaintiffs") Complaint, states as follows:

## JURISDICTION AND VENUE

1. Plaintiffs are residents of the City of Livonia, Wayne County, Michigan.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies same.

1

2. The defendant, Polaris, Inc., is a foreign corporation, which, upon information and belief, is incorporated in the State of Minnesota and has its principal place of business in the State of Minnesota.

**ANSWER**: In response to the allegations in Paragraph 2 of Plaintiffs' Complaint, Polaris states that Polaris Industries Inc.—the operating company and properly named defendant—is a corporation organized under the laws of Delaware with its principal place of business in Minnesota.

3. This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiffs and Defendant.

**ANSWER**: Paragraph 3 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent a response is required, Polaris does not, at this time, contest Plaintiffs' allegation that this Court has subject matter jurisdiction.

4. Venue is proper in this district because Plaintiffs reside here and much of the evidence and witnesses relevant to damages are located in the Eastern District of Michigan.

**ANSWER**: Polaris denies the allegations in Paragraph 4 of Plaintiffs' Complaint. Further answering, Polaris states that venue is proper in the United States District Court for the District of Minnesota.

## COMMON ALLEGATIONS

5.      On or about February 9, 2019, Plaintiff Deborah Holmes ("Deborah") was riding a snowmobile ("the Snowmobile") that was manufactured by Polaris and described by Polaris as a 600 Switchback Pro S.  The vehicle identification number for the Snowmobile is: SN1DDH6P5JC175886.

**ANSWER**: Polaris admits that it manufactured the subject 2018 Switchback 600 snowmobile, vehicle identification number SN1DDH6P5JC175866 (incorrectly identified as SN1DDH6P5JC175886 in Plaintiffs' Complaint) (the "Snowmobile"). Polaris is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies same.

6.      Deborah was operating the Snowmobile in a group of other snowmobilers consisting of family and friends.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies same.

7.      Deborah was a highly experienced snowmobile operator, having been operating snowmobiles in excess of thirty years.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies same.

8. Deborah was highly familiar with the Polaris brand of snowmobiles since she rode them exclusively, or nearly exclusively, over the course of her entire riding experience.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies same.

9. On February 9, 2019, the group of which Deborah was a member crossed M-28 in Munising Township, Michigan using Trail 3-422.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies same.

10. Deborah was the second-to-last of the riders in the group to cross the road.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies same.

11. As was her consistent practice, Deborah crossed the road at low speed with careful observation for possible surrounding traffic and changes in terrain.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies same.

12. Suddenly and without warning, the Snowmobile began to accelerate toward a grouping of trees notwithstanding Deborah's release of the throttle.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies same.

13. At that point, Deborah's son, David Holmes, was riding his own snowmobile behind her and was in a position to observe what happened as the Snowmobile began to accelerate.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies same.

14. David Holmes heard a rapidly rising engine pitch, saw that his mother attempted to jump off the Snowmobile and, as a first step in doing so, raised both of her hands completely off of the handlebars and therefore off the throttle control.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies same.

15. David Holmes specifically noted that there was no drop in engine pitch and no deceleration of the Snowmobile to indicate any closing of the throttle.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies same.

16. David Holmes next observed the Snowmobile strike a tree while Deborah was still on it.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies same.

17. As a direct consequence of the collision with a tree, Deborah sustained multiple injuries, including fractures to her pelvis and femur.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies same

18. The cost of medical treatment to this point exceeds $200,000 and is expected to increase by a significant amount by reason of the need for additional surgery that is anticipated in the future.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies same.

19. As a direct and proximate consequence of the injuries sustained in the collision, Deborah has suffered excruciating pain and suffering, mental anguish, and impairment of her ability to participate in activities of daily living.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies same.

20. It is expected that some of the impairments arising from this injury will continue into the undetermined future.

**ANSWER**: Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies same.

21. Plaintiff Gerald Holmes, Deborah's husband, has suffered a loss of invasion of his rights of consortium and has been required to render difficult and unusual services to his wife as a direct and proximate result of her injuries.

**ANSWER**: Paragraph 21 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies same.

## COUNT I - BREACH OF IMPLIED WARRANTY

22. Plaintiffs reincorporate the foregoing allegations of the Complaint as though fully restated herein.

**ANSWER**: Polaris repeats and incorporates its prior answers, averments, and denials, to the allegations contained in Paragraphs 1 through 21 of its Answer as if fully restated herein.

23. The Snowmobile was defective when it left the manufacturer's control, and therefore in breach of its implied warranty of fitness, because it had a tendency for the throttle to stick in the open position, making it difficult or impossible for the operator to maintain safe control of the Snowmobile.

**ANSWER**: Paragraph 23 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. The tendency of this particular snowmobile to fail in this matter is documented in its electronic control module, which reveals that during the operating

life of the Snowmobile, there were eleven recorded faults in which the throttle was stuck in the open position.

**ANSWER**: Polaris denies the allegations in Paragraph 24 of Plaintiffs' Complaint. Further answering, Polaris states that the Snowmobile's engine controller recorded trouble codes but denies that any code indicates a malfunction or "failure" of any of the Snowmobile's systems or components.

25. Plaintiffs were not the owners of the Snowmobile. It was, in fact, the property of Polaris and was on loan to one of the members of the group of riders of which Deborah was a member at the time of her injury.

**ANSWER**: Polaris admits that Plaintiffs were not, and are not, the owners of the Snowmobile and that, at all relevant times, Polaris owned the Snowmobile. Polaris admits that its employee, Shaena Sparrow, borrowed the Snowmobile pursuant to Polaris's Checkout program. Polaris denies the remaining allegations in Paragraph 25 of Plaintiffs' Complaint.

26. A fault in the electronic control module indicating that the throttle is stuck in the open position is not a normal, expected, or safe condition for the Snowmobile and represents a defect in its design, manufacturer, or maintenance of the vehicle.

**ANSWER**: Paragraph 26 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. To the extent that this was a characteristic of the Snowmobile as of the time that it was put into service by Polaris, then it represents a breach of warranty.

**ANSWER**: Paragraph 27 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Such breach was a proximate cause of the injuries and damages to Plaintiffs hereinbefore set forth.

**ANSWER**: Paragraph 28 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

WHEREFORE, Plaintiffs claim damages against Defendant in an amount exceeding Five Hundred Thousand and no/100 ($500,000) Dollars to which they are found to be entitled together with interest, costs, and reasonable attorney fees.

**ANSWER**: The foregoing "wherefore" Paragraph of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in the foregoing "wherefore" Paragraph of Plaintiffs' Complaint.

## COUNT II - NEGLIGENCE

29. Plaintiffs reincorporate the foregoing allegations of the Complaint as though fully restated herein.

**ANSWER**: Polaris repeats and incorporates its prior answers, averments, and denials, to the allegations contained in Paragraphs 1 through 28 of its Answer as if fully restated herein.

30. Polaris had a duty to design and manufacture a reasonably safe snowmobile, incorporating such designs and safety measures as were necessary to prevent the throttle from sticking in an open position and causing the Snowmobile to accelerate or maintain running speed when the operator was attempting to slow down.

**ANSWER**: Paragraph 30 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris admits that it had a duty to design and manufacture a reasonably safe snowmobile. Polaris denies the remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Based upon the known events, Polaris breached that duty in the design or manufacturer of the Snowmobile, with the result that it was susceptible to having the throttle stick in an open position without disabling the engine allowing the operator to bring it to a safe stop.

**ANSWER**: Paragraph 31 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Wholly apart from its duties as a manufacturer, Polaris remained the owner of the Snowmobile through the time that Deborah was injured.

**ANSWER**: Polaris admits that it was and still is the owner of the Snowmobile. Polaris denies the remaining allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Upon information and belief, Polaris made this Snowmobile and others like it available for demonstration and field-testing purposes and/or for the recreational use of its employees and other permitted users.

**ANSWER**: Polaris admits that, subject to certain express conditions including, among others, an agreement to (i) assume all risks associated with the Snowmobile, (ii) waive any and all claims against Polaris relating to the employee's use of the Snowmobile, and (iii) resolve all disputes relating to the employee's use of the Snowmobile through binding arbitration in Minnesota, Polaris allowed its full-time employee Shaena Sparrow to borrow the Snowmobile for her own personal use. Polaris denies the remaining allegations in Paragraph 33 of Plaintiffs' Complaint.

34. As the ongoing owner of the Snowmobile, Polaris had a duty to inspect, maintain, and, where necessary, repair the Snowmobile in order to keep it in a safe operating condition.

**ANSWER**: Paragraph 34 of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris admits that it had a duty to maintain the Snowmobile in a reasonably safe operating condition. Polaris denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. In breach of those duties, Polaris failed to properly inspect, maintain, and repair the Snowmobile and failed to appreciate the fact that it was experiencing numerous stuck-throttle events prior to the time that Deborah was injured.

**ANSWER**: Polaris denies the allegations in Paragraph 35 of Plaintiffs' Complaint.

WHEREFORE, Plaintiffs claim damages against Defendant in excess of Five Hundred Thousand and no/100 ($500,000) Dollars in amount to which they are found to be entitled, together with interest, costs, and reasonable attorney fees.

**ANSWER**: The foregoing "wherefore" Paragraph of Plaintiffs' Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Polaris denies the allegations contained in the foregoing "wherefore" Paragraph of Plaintiffs' Complaint.

## **GENERAL DENIAL**

1. Polaris denies all allegations and demands for judgment and relief contained in Plaintiffs' Complaint.

2. Polaris further denies all allegations contained in Plaintiffs' Complaint that are not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred for improper venue.

2. Plaintiffs' claims are barred for lack of standing.

3. Polaris relies on the defenses of release, waiver, and estoppel, if proven applicable by investigation and discovery.

4. Plaintiffs' recovery is barred because their damages, if any, were the proximate result of Ms. Holmes' own acts or omissions or the acts or omissions of parties other than Polaris.

5. Plaintiffs' recovery is barred, in whole or in part, because at the time and place alleged in the Complaint, Ms. Holmes knowingly, voluntarily, and freely placed herself in an unsafe and dangerous position, and therefore assumed all resulting risks of injuries.

6. Plaintiffs' recovery is barred because the injuries and damages allegedly sustained by Plaintiffs, if any, were the direct and proximate result of the intervening and superseding actions of third parties, whether named or unnamed, and not Polaris.

7. Plaintiffs' recovery is barred because the Snowmobile referred to in Plaintiffs' Complaint was misused or improperly maintained by third-parties in a

manner that was unanticipated, unforeseeable, or unintended. That misuse or improper maintenance reasonably caused or contributed to the alleged accident and to the injuries, loss, and damages, if any.

8. Plaintiffs' claims are barred because at the time the Snowmobile was delivered to Plaintiffs, its manufacture was in accordance with the generally recognized and prevailing standards in existence.

9. Plaintiffs' claims are barred because the Snowmobile was manufactured in compliance with all applicable federal and state regulations and standards.

10. Plaintiffs' claims are barred because a practical and technically feasible alternative production practice was not available that would have prevented the alleged harm without significantly impairing the Snowmobile's usefulness or desirability, and that would not have created equal or greater risk of harm to others.

11. Plaintiffs' claims are barred because the Snowmobile was materially altered subsequent to the time it left the control of Polaris, such material alteration being the sole proximate, contributing, or comparative cause of any damages claimed by Plaintiffs.

12. Plaintiffs' recovery is limited because, should any damages be awarded in favor of Plaintiffs and against Polaris, Plaintiffs' recovery is limited by Mich. Comp. Laws. §600.2946(a).

13. Plaintiffs' recovery is barred or limited because, should any damages be awarded in favor of Plaintiffs and against Polaris, Polaris is entitled to a set-off for the entire or amount of all damages or settlement amounts recovered by Plaintiffs from or against any other party or third party with respect to the same alleged injuries identical in nature, time, and place. Polaris is also entitled to have damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

14. Plaintiffs' recovery is barred because all of Polaris's actions with regard to Plaintiffs and the Snowmobile were conducted in good faith and without fraud, oppression, or malice, thereby precluding any and all claims for special, exemplary, or punitive damages.

15. Polaris alleges that it may have additional affirmative defenses available that are not now fully known. Polaris accordingly reserves the right to assert additional affirmative defenses after they have been determined.

**WHEREFORE**, Polaris respectfully requests that this Court dismiss with prejudice Plaintiffs' Complaint, with all costs to be borne by Plaintiffs and to award Polaris its costs and fees, including attorneys' fees, incurred in defending against the Complaint, together with any other relief this Court deems just and proper.

Respectfully submitted,

**Dated**: July 20, 2020     **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

/s/ *Mark K. Norris*
Barbara A. Lum (OH 0085744)
Mark K. Norris (OH 0092222)
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-Mail:     blum@beneschlaw.com
                mnorris@beneschlaw.com

Dawn M. Beery (seeking admission *pro hac vice*)
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
E-mail: dbeery@beneschlaw.com

*Attorneys for Defendant Polaris Industries Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2020, a copy of the foregoing Answer and Affirmative Defenses of Defendant Polaris Industries Inc. was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                        */s/ Mark K. Norris*
                                                       MARK K. NORRIS (OH 0092222)