UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOLMES and
GERALD HOLMES,

              Plaintiffs,

vs.

              Case No.  20-11390
              HON.  GEORGE CARAM STEEH

POLARIS, INC.,

              Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) [ECF No. 7]

This action arises from an accident involving an allegedly defective snowmobile manufactured and owned by defendant Polaris Industries Inc. ("Polaris").  Plaintiff, Deborah Holmes, filed this action alleging breach of implied warranty and negligence against Polaris in the United States District Court for the Eastern District of Michigan.  The matter is before the Court on defendant's motion to transfer venue to the District of Minnesota under 28 U.S.C. § 1404(a).  For the reasons stated below, defendant's motion is DENIED.

- 1 -

## I. Background

Plaintiff alleges that she was injured while operating a Polaris 600 Switchback Pro S snowmobile (the "Subject Vehicle") in Munising Township, Michigan, which is located within the jurisdiction of the Western District of Michigan.  The Subject Vehicle was, and remains, the property of Polaris.  Polaris is a Delaware corporation with its principal place of business located in Minnesota, which lies within the jurisdiction of the United States District Court for the District of Minnesota.  Plaintiff is a resident of Livonia, Michigan, which is located within this Court's jurisdiction.

On February 6, 2019, Polaris loaned the Subject Vehicle to a third party, Shaena Sparrow, a Minnesota resident and Polaris employee, through Polaris's Wyoming, Minnesota Snowmobile Checkout program. (Declaration of Kevin Johnson ("Decl.") at ¶ 11.)  This program permits full-time Polaris employees at Polaris's Wyoming, Minnesota facility to reserve certain Polaris vehicles for personal use.  (*Id.* at ¶ 8.)  In order to participate in the program, Polaris requires its employees to sign waiver agreements agreeing, among other things, to voluntarily assume the risks associated with off-road vehicles and to waive any and all claims against Polaris relating to the employee's use of the vehicle.  (*Id.* at ¶ 9.)  The rider

agreement also contains a forum selection clause, which provides that "any dispute relating to this Agreement shall be finally resolved by BINDING ARBITRATION . . . in Minnesota." (*Id.* at ¶ 10.)

After checking out the vehicle from the Polaris facility in Wyoming, Minnesota, Ms. Sparrow transported the Subject Vehicle to Munising Township, Michigan. There, Ms. Sparrow allowed Ms. Holmes to operate the Subject Vehicle. Ms. Holmes alleges that she is an experienced snowmobile operator and was familiar with Polaris snowmobiles as she rode them almost exclusively over the course of her thirty years of riding.

Ms. Holmes alleges that she was crossing a road in Munising Township, Michigan at low speed when the snowmobile began to spontaneously accelerate toward a grouping of trees. Ms. Homes' son, David Holmes, was riding his snowmobile behind her and heard a rapidly rising engine pitch while he observed Ms. Holmes' snowmobile accelerate. David Holmes observed Ms. Holmes attempt to jump off her snowmobile while taking both of her hands completely off the handlebars, and therefore off the throttle control. David Holmes noted there was no drop in engine pitch and no deceleration of the snowmobile to indicate any closing of the throttle. David Holmes saw the snowmobile strike a tree with Ms. Holmes still on it. As a direct consequence of the throttle being stuck in the open

position, Ms. Holmes states that she hit the tree and suffered personal injuries, including fractures to her pelvis and femur.

## II. Legal Standard

Section 28 U.S.C. § 1404(a) authorizes a district court to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . ."  28 U.S.C. § 1404(a).  Courts have broad discretion to grant or deny a motion to transfer venue under 28 U.S.C. § 1404(a).  *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

When assessing a motion to transfer venue under 28 U.S.C. § 1404(a), courts in this district first consider whether the action could have been brought in the transferee court.  *Upshaw v. Nat'l Basketball Ass'n*, 2019 WL 1932062, *1 (E.D. Mich. Apr. 30, 2019).  If the answer is in the affirmative, courts then consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice,

based on the totality of the circumstances. *Overland, Inc.*, 79 F. Supp. 2d

at 811. A district court "may consider any factor that may make any

eventual trial 'easy, expeditious, and inexpensive.'" *Id.*

"The moving party bears the burden of demonstrating that, in light of

these factors, fairness and practicality strongly favor the forum to which

transfer is sought." *Thomas v. Home Depot*, 131 F. Supp. 2d 834, 936

(E.D. Mich. 2001). "[T]ransfer will be refused if the effect of a change of

venue would be merely to shift the inconvenience from one party to the

other." 15 Wright & Miller, *supra*, § 3849 (citations omitted).

### III. Analysis

Venue is governed by 28 U.S.C. § 1391, which provides in part that

"[a] civil action may be brought in . . .  a judicial district in which any

defendant resides, if all defendants are residents of the State in which the

district is located . . . ." 28 U.S.C.A. § 1391(b). Therefore, the Court finds

that the District of Minnesota, where defendant Polaris resides, would have

jurisdiction over plaintiff's civil action and that venue is proper there.

The Court, therefore, moves on to consider the factors of

convenience and fairness of the requested transfer.

### 1. Convenience of Parties and Witnesses and Availability of Process

Polaris is headquartered in Minnesota and a substantial number of its material witnesses reside in Minnesota.   Polaris describes the categories of testimony to be offered by its key witnesses:  (1) the design and manufacture of the snowmobile, (2) its throttle-control system, (3) its electronic control module, (4) its design testing and certification, (5) its compliance with applicable standards, and (6) the meaning of the alleged "eleven recorded faults."  Polaris lists six witnesses who will offer testimony, each of whom lives and works in Minnesota.  Each witness is currently an employee of Polaris, though Polaris points out there is no guarantee that will still be the case at the time of trial.  Shaena Sparrow borrowed the snowmobile from Polaris and lent it to Ms. Holmes.  Kevin Johnson is a  Development Technician at Polaris who was responsible for the subject snowmobile and will testify about the service history of the subject snowmobile, its prior use, and Shaena Sparrow's check-out of the snowmobile.  Megan Schwefel is a Polaris Owned Units Operations Coordinator, who was responsible for developing the Wyoming Snowmobile Check-Out Policy, and will testify about the required check-out processes, waivers, and agreements.  Josh Peissig is an engineer who evaluated the subject vehicle post-accident and will testify that the throttle-

control functions properly.  Marty Sampson is a Director of Product Planning in Polaris's snow division and will testify about the design and development of the snowmobile.  Ben Dieter is an Engineering Director in Polaris's snow division and will also testify about the design and development of the snowmobile.

Plaintiffs' list of non-party witnesses includes friends and family who were in the riding party and Ms. Holmes' treating physicians.  Plaintiffs admit that only their son, David Holmes, actually witnessed the accident. The remaining members of the riding party are expected to testify about the events leading up to the accident and their "experience with riding snowmobiles with Plaintiff and Plaintiff's experience riding snowmobiles." Plaintiffs' three doctor witnesses are expected to testify about the injuries Ms. Holmes suffered as a result of the accident, as well as regarding the nature and severity of her injuries, the nature of the medical treatment that she required as a result of her injuries, and the effects her injuries will have on her in the future.

The parties agree that a key issue in the case is whether the throttle was defective.  Several of defendant's witnesses will testify about the design and service of the snowmobile at issue.  However, defendant's witnesses are all employees, and as long as they continue to be employed,

Polaris would be "obligated to procure the attendance of its own employees for trial." *Performance Contracting, Inc. v. DynaSteel Corp.*, No. 12-10165, 2012 WL 1666394, at *4 (E.D. Mich. May 9, 2012) (citation omitted).  On the other hand, plaintiff's witnesses are non-party lay witnesses and medical treatment providers who all reside or conduct business in this district.  Plaintiff has no power or authority over those witnesses to secure their attendance to testify in connection with this case and could not compel their attendance if this case was transferred to the District of Minnesota. Fed. R. Civ. P. 45(c)(3)(A)(ii) (a court must quash or modify a subpoena that requires a nonparty to travel more than 100 miles from where the party resides, works, or regularly transacts business).  As a practical matter, however, both parties would likely be able to obtain any testimony from their witnesses, either in person or by trial deposition, whether the trial is held in the Eastern District of Michigan or in the District of Minnesota.

With regard to the convenience of parties, Polaris has not demonstrated that litigating the case in this district would cause such an inconvenience that this factor weighs in favor of disturbing plaintiffs' choice of forum.  Although Polaris will be burdened by litigating this case in this Court, the results of granting Polaris's request to transfer this case to the District of Minnesota would be to simply shift the burden to plaintiffs.

Polaris must demonstrate that the inconvenience of retaining this case in this Court outweighs plaintiffs' choice of forum and strongly favors transfer of this case to the District of Minnesota.  Defendant Polaris has failed to do so.

**2.  Location of Evidence and Relative Ease of Access to Sources of Proof**

Following the accident, the Subject Vehicle was returned to Polaris's storage facility in Minnesota, where it was stored, inspected, and underwent post-ride non-destructive testing to assess the merit of Plaintiffs' defect claims.  (Decl. at ¶ 13.)  In general, "[t]he location of documents and sources of proof have become a less significant factor in the § 1404(a) transfer analysis because of technological advances and availability of documents in electronic form.  *Flagstar Bank, FSB v. Gulfstream Bus. Bank, Inc.*, No. 2:13-CV-12136, 2013 WL 6017977, at *5 (E.D. Mich. Nov. 13, 2013) (citation omitted).  The burden will be on plaintiffs' counsel and experts to travel to Minnesota in order to inspect the Subject Vehicle regardless of where the case is tried.  As for Polaris's stated intention to make the Subject Vehicle available at trial for jurors to view and to aid expert testimony, that is a sufficient burden to justify transferring venue.

### 3. Locus of Operative Facts

Polaris argues that the "center of gravity" of the case is Minnesota, where the Subject Vehicle was designed and maintained.  However, the accident itself occurred in the Western District of Michigan, which is also where Ms. Holmes underwent surgery.  And Ms. Holmes received further medical treatment and resides in this district.  There is no clear "center of gravity" that weighs heavily in favor of the Eastern District of Michigan versus the District of Minnesota.

### 4. Trial Efficiency and Interests of Justice

Polaris argues that Ms. Holmes had access to the Subject Vehicle through Ms. Sparrow's participation in Polaris's Wyoming, Minnesota Snowmobile Checkout program.  The waiver signed by Ms. Sparrow included a forum selection clause mandating arbitration in Minnesota.  However, Ms. Holmes was not a party to that agreement, so the forum selection clause does not impact the Court's venue analysis.

Under the totality of the circumstances as they exist in this case, the Court concludes that transferring venue to the District of Minnesota would merely shift the inconvenience from one party to another.  For that reason, Polaris's motion to transfer venue will be denied.

## IV. Conclusion

For the reasons stated above, defendant's motion to transfer venue

to the District of Minnesota pursuant to 28 U.S.C. § 1404(a) is DENIED.

IT IS SO ORDERED.

Dated:  August 31, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 31, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---