# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEBORAH HOLMES, *et al.*,

    Plaintiffs,

v.

POLARIS INDUSTRIES INC.,

    Defendant.

CASE NO. 2:20-cv-11390-GCS-RSW

Judge George C. Steeh

Magistrate Judge David R. Grand

---

Jeffrey T. Stewart (P24138)
David S. Shiener (P78608)
JOHNSON LAW, PLC
Attorneys for Plaintiffs
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 324.8300 F: (313) 324-8301
jstewart@venjohnsonlaw.com
dshiener@venjohnsonlaw.com

Matthew E. Nirider (IL 6290343)
Dawn M. Beery (IL 6256520)
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP
Attorneys for Defendant
71 S. Wacker Drive, Suite 1600
Chicago, IL  60606
P: (312) 212-4968 F: (312) 767-9192
mnirider@beneschlaw.com
dbeery@beneschlaw.com

---

### **DEFENDANT POLARIS INDUSTRIES INC.'S MOTION IN LIMINE NO. 1 TO BAR EVIDENCE OR ARGUMENT CONTRARY TO THE COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Defendant Polaris Industries Inc. ("Polaris") hereby files this Motion in Limine No. 1 to preclude Plaintiffs, their attorneys, witnesses, experts, agents or any others from discussing, mentioning or referring to in any manner during trial or in the presence of the jury evidence or argument contrary to the Court's March 8, 2022

Order granting partial summary judgment and holding that the noneconomic damages caps under the Michigan Product Liability Statute, MCL §§ 600.2945–2949a apply to all of Plaintiffs' claims in this case

## I. Introduction and Procedural Background.

Polaris anticipates that Plaintiffs may attempt to introduce evidence or present argument contrary to the Court's Order granting partial summary judgment and holding that the Michigan Product Liability Statute, MCL §§ 600.2945–2949a (the "MPLS"), caps noneconomic damages for all of Plaintiffs' claims. The Court decided this issue on March 8, 2022 (*see* ECF No. 29) and confirmed its decision when the Court denied Plaintiffs' motion for reconsideration on March 29, 2022. (*See* ECF No. 31.)

Polaris understands that Plaintiffs intend to argue (again) that Michigan's cap on noneconomic damages should not apply, this time because Polaris allegedly had notice of the alleged defect and willfully disregarded that knowledge, an exception to the noneconomic damages cap that is set out in MCL § 600.2949a. The Court has already decided, twice, that the noneconomic damages cap applies. Equally significant, Polaris raised this exact issue in its Motion for Partial Summary Judgment. (ECF No. 25 at 11.) Plaintiffs ignored this issue altogether—in fact, Plaintiffs never once argued in their opposition to Polaris's Motion for Partial Summary Judgment or in their Motion to Reconsider that the "actual knowledge"

2

exception in MCL § 600.2949a could possibly be applicable here. In response to a motion for partial summary judgment, Plaintiffs should put forward every potential factual basis to support that the noneconomic damages caps do not apply. Plaintiffs not only failed to do so -- indeed, they conceded this point by failing to respond to Polaris's argument. Plaintiffs appear to confuse the Court's order granting partial summary judgment with an interlocutory issue that may be revisited at any time. A summary judgment ruling is not an Order that it is to be revisited at trial. The Court has already decided this issue twice, and no new evidence exists following the Court's Orders. It should bar Plaintiffs' attempt to take a third bite at the apple. Polaris requests that the Court preclude Plaintiffs from presenting evidence or argument contrary to the Court's prior orders on the applicability of the noneconomic damage caps.

## II. Certification.

The grounds and legal authority for Polaris's motion are set forth below. Pursuant to Local Rule 7.1(a), Polaris states that it has formally met and conferred with Plaintiffs' counsel, explained the nature of this motion and the legal basis for it, and counsel did not concur in the relief sought.

## III. Statement of Facts.

This is a snowmobile products liability action arising from a February 9, 2019 single-vehicle snowmobile accident that occurred when Plaintiff Deborah Holmes

lost control of a 2018 Polaris Switchback 600 Pro S snowmobile (the "Subject Snowmobile"), collided with a group of trees, and was injured. Plaintiffs assert that the accident was caused by an alleged stuck-throttle event and an alleged failure of the snowmobile's throttle release switch ("TRS") to shut down the subject snowmobile's engine.

A stuck throttle event occurs when the snowmobile's throttle lever, which is connected to the throttle itself by a mechanical cable, is released by the rider, but the throttle cable or plates do not return to the normal closed position. This results in the snowmobile's engine maintaining its speed based on the last throttle position even though the rider has released the throttle lever. Because of the possibility of stuck throttle events occurring in some weather and riding conditions (i.e., heavy snow or freezing rain, riding in very deep snow, or tipping/rolling the snowmobile in deep snow), the snowmobile is equipped with a TRS. The TRS is designed to detect a mismatch between the throttle lever position and the throttle plate position and respond by shutting down the snowmobile's engine. Specifically, Plaintiffs allege that there was a defect, which they cannot identify with specificity, in the snowmobile's TRS that caused it to fail and not shut down the engine in response to a stuck throttle event.

In addition to alleging that the TRS is defective because it intermittently fails to shut down the snowmobile in response to a stuck throttle condition, Plaintiffs also

4

allege negligent maintenance of the Subject Snowmobile by Polaris, the owner of the snowmobile at the time of the accident. Despite having no idea when the alleged defect began, Plaintiffs' expert, Robert Kinder, opines that if Polaris had followed the maintenance schedule in the Owner's Manual, Polaris would have had four opportunities to detect the alleged problem with the TRS and prevent Plaintiff's accident.

On November 5, 2021, Polaris brought a motion for partial summary judgment on the issue of whether all of Plaintiffs' claims are subject to the noneconomic damages caps under the MPLS. In its motion, Polaris specifically alleged that "***both products liability theories*** are subject to the noneconomic damages cap under MCL § 600.2946a." (ECF No. 25 at 19–20 (emphasis added).) Additionally, in its brief, Polaris addressed the inapplicability of the "actual knowledge" exception to the noneconomic damages cap.[1] (*Id.* at 20.) Plaintiffs filed their response on November 26, 2021, and did not address, let alone rebut, Polaris's argument regarding an absence of "actual knowledge." (ECF No. 26.) Polaris replied on December 10, 2021. (ECF No. 28.)

---

[1] Plaintiffs' only evidence for actual knowledge in this case comes from 2 incidents in which Plaintiffs allege that there was a stuck throttle and TRS failure. However, as set forth in Polaris's Motion in Limine No. 4 to Bar Evidence of Other Similar Incidents , neither of these events is sufficiently similar to Plaintiffs' alleged version of Mrs. Holmes's accident. Therefore, Plaintiffs are not entitled to put this evidence on in any event.

5

The Court issued its ten-page decision granting summary judgment on March 8, 2022. (ECF No. 29.) The Court noted that Plaintiffs did not dispute that their product liability claim was subject to the caps, and thus the only "disputed issue for purposes of the pending motion relates to whether the MPLS's noneconomic damages cap applies to plaintiffs' negligence claim." (*Id.* at 7.) The Court determined that, because "plaintiffs' action is that Holmes was injured because of a defect in the throttle system, . . . [u]nder both theories, the essence of the claim is based on product liability." (*Id.* at 9.) The Court then held that Plaintiffs' claims under either theory are "therefore subject to the MPLS cap on non-economic damages." (*Id.* at 10.) Plaintiffs subsequently filed a motion for reconsideration (ECF No. 30), which the Court denied. (ECF No. 31.)

**IV.  Argument.**

The Court should preclude any attempt by Plaintiffs to relitigate the applicability of the damages cap for the third time, especially given that the issue was already raised by Polaris on summary judgment and ignored by Plaintiffs in response. In the Sixth Circuit, "a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also

deprives their opponents of the procedural protections that attach at summary judgment." *Id.* (citing *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010)).

Courts in this district routinely invoke *Louzon* in circumstances such as this and deny parties the ability to relitigate issues either decided or that should have been decided on summary judgment. *See, e.g.*, *Hendrian v. Safety-Kleen Sys., Inc.*, No. 08-14371, 2014 WL 117315, at *12 (E.D. Mich. Jan. 13, 2014) (denying plaintiff's request for pre-trial order stating that non-economic damages are not statutorily limited); *Cook v. Greenleaf Township*, No. 16-14060, 2018 WL 8803937 (E.D. Mich. Dec. 10, 2018) (finding that the proper time to raise theory on damages was at summary judgment); *Wendrow v. Mich. Dep't of Human Servs.*, No. 08-14324, 2014 WL 4965961 (E.D. Mich. Oct. 3, 2014) (finding that it is not procedurally proper to address at the motion *in limine* stage the sufficiency of evidence regarding emotional distress damages).

The Court has already granted Polaris partial summary judgment and held that Michigan's statutory non-economic damages caps apply in this case after reviewing Polaris's opening brief, which argued that the "actual knowledge" exception does not apply, and after reviewing Plaintiffs' opposition brief, which did not challenge Polaris's assertion regarding lack of actual knowledge. The Court, after considering the briefing—including the inapplicability of the "actual knowledge" exception—determined that the damages cap applies to all of Plaintiffs' claims. The Court then

confirmed this ruling when it denied Plaintiffs' motion for reconsideration. Once a court has decided an issue of law, that becomes the law of the case going forward and Plaintiffs should be barred from trying to contradict or circumvent that ruling at trial. *See CNH Am., LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 09-10584, 2009 WL 1259638, at *1 (E.D. Mich. Apr. 30, 2009) ("The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). The Court should not allow Plaintiffs a third bite at the apple at trial in this case.

## V. Conclusion.

For all of the reasons set forth above, the Court must bar *in limine* the Plaintiffs, their attorneys, witnesses, experts, agents or any others from discussing, mentioning or referring to in any manner during trial or in the presence of the jury evidence or argument contrary to the Court's March 8, 2022 Order granting partial summary judgment in favor of Polaris.

DATED: May 24, 2022

                                        Respectfully submitted,

                                        s/ *Matthew E. Nirider*

        Matthew E. Nirider (IL 6290343)
        Dawn M. Beery (IL 6256520)
        BENESCH, FRIEDLANDER, COPLAN &
        ARONOFF LLP
        71 South Wacker Drive, Suite 1600
        Chicago, IL 60606
        Telephone:  (312) 212-4949
        Facsimile:  (312) 767-9192
        mnirider@beneschlaw.com
        dbeery@beneschlaw.com

        *Attorneys for Defendant Polaris Industries Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

                                        */s/ Matthew E. Nirider*
                                        Matthew E. Nirider