UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HOLMES and
GERALD HOLMES,                                    Civil Action No. 20-11390

       Plaintiffs,                             George Caram Steeh
                                                  United States District Judge
v.
                                                  David R. Grand
POLARIS, INC.,                                    United States Magistrate Judge

       Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE (ECF No. 34)

This case arises out of an accident that occurred on February 9, 2019, while plaintiff Deborah Holmes was riding a snowmobile manufactured and provided to her by defendant Polaris, Inc.  In short, Holmes contends that while she was riding, "[s]uddenly and without warning, the Snowmobile began to accelerate toward a grouping of trees notwithstanding [her] release of the throttle."  (ECF No. 1, PageID.3).  She contends that despite releasing her hands from the handlebars, and therefore off the throttle control, "there was no drop in engine pitch and no deceleration of the Snowmobile to indicate any closing of the throttle." (*Id.*).  She then crashed into the trees, causing her to suffer serious injuries.

Plaintiffs contend that the snowmobile was defective "because it had a tendency for the throttle to stick in the open position, making it difficult or impossible for the operator to maintain safe control of the Snowmobile."  (*Id.*, PageID.5).  In support of their contention, Plaintiffs point to post-accident testing of the snowmobile which indicated that

the throttle release switch failed to shut down the engine eight out of twelve times, and to the snowmobile's on-board computer which indicated that eleven such "failures" had occurred.[1]

As the docket reflects, the case proceeded through the pretrial phase essentially without issue, and discovery closed on September 10, 2021.  A few weeks, ago, however, Plaintiffs learned that Polaris had recently issued a recall notice for newer model snowmobiles, advising consumers that "Polaris has determined that the throttle release switch (TRS) on some models can fail to disengage when the throttle lever is released and if a stuck throttle condition occurs when the TRS fails to disengage, it can lead to loss of vehicle control, posing a crash hazard and risk of serious injury."  (ECF No. 34-3).  Plaintiffs contend that although Polaris limited the recall to newer snowmobiles that used a somewhat redesigned throttle, information about the recall still bears on their contention that the throttle in the snowmobile in this case was defective and cause the crash.

On April 26, 2022, Plaintiffs filed a motion to reopen discovery for the limited purpose of taking a 30(b)(6) deposition of a Polaris witness who can testify about the recall, and other issues that, at least in Plaintiffs' opinion, may bear on the alleged defect in this case. (ECF No. 34).  For instance, Plaintiffs seek to depose a Polaris witness about "the design similarities and differences between the throttle control assemblies utilized in the snowmobile involved in this case [] and the throttle assembly utilized in [the recalled models] that could lead to a failure of the Throttle Release Switch ("TRS") to operate

---

[1] The Court notes that Polaris disputes Plaintiffs' characterization of this data.

normally," "the characteristics of the TRS switch used in the Subject Snowmobile versus the recalled snowmobiles," and "whether the actuation points in the TRS for the Subject Snowmobile versus the recalled snowmobiles are the same or different and if so how and to what extent." (ECF No. 39-2). Polaris opposes the motion, noting the nearness of trial, and that the "thumb throttle lever on the model-year 2022 [recalled] snowmobiles had a modified design and was made with different tooling than the throttle lever on [the snowmobile in question in this case."[2] (ECF No. 38-4). Polaris also contends that the recall was "related to particular manufacturing issues that were uncovered for less than twenty (20) percent of model-year 2022 snowmobiles," the issues being "excessive flashing [] on the redesigned plastic thumb throttle lever and [] an extra washer being placed on the retaining pin." (*Id.*). Plaintiffs filed a reply arguing that "it is the similarities between the design of the TRS and the throttle control in the Subject Snowmobile and the snowmobile models that were recalled that are important – not their differences," and that "Polaris does not attempt to convince the Court that the TRS switch itself and the way it interfaces with the activation pin in the thumb control are not essentially the same. (ECF No. 39, PageID.590). *See* fn. 1. Plaintiffs contend that a 30(b)(6) deposition is needed to explore these issues.

On May 27, 2022, the Court held oral argument on Plaintiffs' motion. For the detailed reasons stated on the record, the Court finds that, notwithstanding the logistical challenges it may create, the requested 30(b)(6) deposition is warranted. Accordingly, **IT**

---

[2] It is not clear what these "modifications" are, or how or whether they bear on the functionality of the throttle and/or the TRS.

**IS ORDERED** that Plaintiffs' motion to reopen the record for the limited purpose to conducting the requested 30(b)(6) motion **(ECF No. 34) is GRANTED**. The deposition shall be limited to four (4) hours and may be conducted remotely. The parties shall work in good faith to narrow in advance the topics about which the 30(b)(6) witness will be questioned.

    **SO ORDERED.**

Dated: May 27, 2022                              s/David R. Grand
Ann Arbor, Michigan                       DAVID R. GRAND
                                                      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

    The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2022.

                                                   s/Eddrey O. Butts
                                                   EDDREY O. BUTTS
                                                   Case Manager